# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNN M. MENDES and JASON P. MENDES, on behalf of themselves and all others so similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. and U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS COLLATERAL TRUST TRUSTEE OF FIRST KEY MASTER FUNDING 2021-A COLLATERAL TRUST,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 1:22-cv-11704 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

　　　　Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank Trust National Association, not in its individual capacity but solely as Collateral Trust Trustee of First Key Master Funding 2021-A Collateral Trust (the "Trust") (together, "Defendants") hereby remove the above-captioned action from Massachusetts Superior Court, Norfolk County, to this Court based on the following supported grounds:

### I.　　PROCEDURAL BACKGROUND AND NATURE OF ACTION

　　　　1.　　On or about August 31, 2022, Plaintiffs, Lynn M. Mendes and Jason P. Mendes (together, "Plaintiffs") filed an action via a Complaint (the "Complaint") in Massachusetts Superior Court, Norfolk County, captioned *Lynn M. Mendes and Jason P. Mendes, on behalf of themselves and all others so similarly situated v. Select Portfolio Servicing, Inc. and U.S. Bank Trust National Association, not in its individual capacity but solely as Collateral Trust Trustee of*

*First Key Master Funding 2021-A Collateral Trust*, bearing Civil Action No. 2282CV00804. (A copy of the Complaint is attached hereto as Exhibit A.)

2. A copy of the Complaint was served on Select Portfolio Servicing, Inc. on September 6, 2022.

3. The Complaint arises from Plaintiffs' mortgage encumbering real property known as 155 East Street, Foxboro, Massachusetts (the "Property").

4. The Complaint sets forth a putative class action where Plaintiffs challenge the Trust's right to foreclose based on the claim that a pre-foreclosure notice sent by SPS failed to strictly comply with the requirements of the subject mortgage and Massachusetts law. Specifically, the Complaint seeks a Declaratory Judgment that the pre-foreclosure notices and any subsequent foreclosure is null and void (Count I), and alleges violations of the Power of Sale in the subject mortgage (Count II). (*See generally*, Ex. A.)

## II.   THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

5. The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

### A.   Diversity of Citizenship

6. First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a) between the parties. Plaintiffs are citizens of Massachusetts. (*See* Ex. A, ¶ 13.)

7. SPS is a corporation organized under the laws of the state of Utah, with its principal place of business in Utah. (*See* Ex. A, ¶ 14.) Therefore, under 28 U.S.C. § 1332 (c)(1), SPS is a citizen of Utah for purposes of diversity jurisdiction.

8.  The Trust is a national banking organization with its main office as designated in its Articles of Association in Minneapolis, Minnesota. The Trust is, therefore, a citizen of Minnesota for purposes of determining diversity jurisdiction. *See* 28 U.S.C. §§ 1332 (c) & 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

9.  Accordingly, complete diversity of citizenship is established as between Plaintiffs (citizens of Massachusetts), SPS (a citizen of Utah) and the Trust (a citizen of Minnesota).

### B.    Amount in Controversy

10. Second, the amount in controversy exceeds $75,000.00. Plaintiffs demanded $1,000,000.00 in their Civil Action Cover Sheet. (*See* Ex. A, Civil Action Cover Sheet.) Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Moreover, Plaintiffs have placed the right to title to the Property at issue. (*See* Ex. A, ¶¶ 1-3.) Where the right to enforce a mortgage loan is at issue, the amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed. 2d 282 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage). Here, the Property value at foreclosure was approximately $510,000.00. The loan payoff at foreclosure was approximately $77,475.36. Thus, the amount in controversy exceeds $75,000.00.

1054632\311707134.v1

11. Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III. THE TRUST HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

12. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since Defendants were served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

13. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiffs and will be filed with the appropriate clerk, following filing of this Notice of Removal.

14. Within 28 days of filing this Notice of Removal, Defendants shall file with this Court certified copies of the docket sheet and all document filed in the state court action, pursuant to L.R. 81.1(a).

15. Defendants reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

1054632\311707134.v1

SELECT PORTFOLIO SERVICING, and
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS
COLLATERAL TRUST TRUSTEE OF FIRST
KEY MASTER FUNDING 2021-A
COLLATERAL TRUST

By: Its Attorneys

  */s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley Jr., BBO # 663568
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
sbodurtha@hinshawlaw.com
dseeley@hinshawlaw.com

Dated: October 6, 2022

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 6th day of October 2022, I served a true and accurate copy of the foregoing document to the following by first class mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue
Suite 202
Quincy, MA 02169

  */s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

1054632\311707134.v1