CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

### 2282CV00804 Mendes, Lynn M. et al vs. Select Portfolio Servicing et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Real Property | **FILE DATE:** | 08/31/2022 |
| **ACTION CODE:** | C99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Real Property Action | | |
| **CASE DISPOSITION DATE:** | 10/11/2022 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 10/11/2022 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

| DCM TRACK | | |
|---|---|---|
| **Tickler Description** | **Due Date** | **Completion Date** |
| Service | 11/29/2022 | 10/11/2022 |
| Rule 12/19/20 Served By | 12/29/2022 | 10/11/2022 |
| Rule 15 Served By | 12/29/2022 | 10/11/2022 |
| Answer | 12/29/2022 | 10/11/2022 |
| Rule 12/19/20 Filed By | 01/30/2023 | 10/11/2022 |
| Rule 15 Filed By | 01/30/2023 | 10/11/2022 |
| Rule 15 Heard By | 02/27/2023 | 10/11/2022 |
| Rule 12/19/20 Heard By | 02/27/2023 | 10/11/2022 |
| Discovery | 06/27/2023 | 10/11/2022 |
| Rule 56 Served By | 07/27/2023 | 10/11/2022 |
| Rule 56 Filed By | 08/28/2023 | 10/11/2022 |
| Final Pre-Trial Conference | 12/26/2023 | 10/11/2022 |
| Judgment | 08/30/2024 | 10/11/2022 |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Mendes, Jason P. | **Attorney**                                                   659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 08/31/2022 |
| **Plaintiff**<br>Mendes, Lynn M. | **Attorney**                                                   659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 08/31/2022 |

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

| Defendant | Attorney | 663568 |
|---|---|---|
| Select Portfolio Servicing | Donald W Seeley<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 09/28/2022 | |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culberston LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 10/11/2022 | 665755 |
| **Defendant**<br>U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Collatral Trust Trustee Of First Key Master Funding 2021-A Collatral Trust | **Attorney**<br>Donald W Seeley<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 09/28/2022 | 663568 |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culberston LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 10/11/2022 | 665755 |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

| | FINANCIAL DETAILS | | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 08/31/2022 | Civil Filing Fee (per Plaintiff) Receipt: 25332 Date: 08/31/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 08/31/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 25332 Date: 08/31/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 08/31/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 25332 Date: 08/31/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 08/31/2022 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 25332 Date: 08/31/2022 | 10.00 | 10.00 | 0.00 | 0.00 |
| 08/31/2022 | Fee for attested copies of court documents and records assessed, G.L. c. 262 § 4b. Receipt: 25332 Date: 08/31/2022 | 2.50 | 2.50 | 0.00 | 0.00 |
| | **Total** | **287.50** | **287.50** | **0.00** | **0.00** |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

| | | **INFORMATIONAL DOCKET ENTRIES** | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 08/31/2022 | | Attorney appearance<br>On this date Todd Dion , Esq. added for Plaintiff Lynn M. Mendes | |
| 08/31/2022 | | Attorney appearance<br>On this date Todd Dion , Esq. added for Plaintiff Jason P. Mendes | |
| 08/31/2022 | | Case assigned to:<br>DCM Track F - Fast Track was added on 08/31/2022 | |
| 08/31/2022 | 1 | Original civil complaint filed. | |
| 08/31/2022 | 2 | Civil action cover sheet filed. | |
| 08/31/2022 | | Demand for jury trial entered. | |
| 08/31/2022 | | Docket Note: On this date Two (2) Summons handled over the counter. | |
| 08/31/2022 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney:  Todd Dion , Esq. toddsdion@msn.com | |
| 09/05/2022 | | One Trial case reviewed by Clerk, case to remain in the Superior Court.<br><br>Judge: Hickey, Mary K | Hickey |
| 09/28/2022 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Select Portfolio Servicing | |
| 09/28/2022 | 3 | Defendant Select Portfolio Servicing, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Collateral Trust Trustee Of First Key Master Funding 2021-A Collatral Trust's Assented to Motion to file a response of pleading to the Class Action Complaint until 10/26/2022 (e-Filed 9/28/2022) | |
| 09/28/2022 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Collateral Trust Trustee Of First Key Master Funding 2021-A Collatral Trust | |
| 10/06/2022 | | Endorsement on Motion to enlarge time to respond to the class action complaint. (#3.0): Motion ALLOWED<br>Defendants' are granted through October 26, 2022 in which to respond to plaintiffs' complaint. (dated September 29, 2022) ns ni<br><br>Judge: Leighton, Hon. Joseph | Leighton |
| 10/06/2022 | | EDocument sent:<br>A Clerk's Notice (eDoc) was generated and sent to:<br>Plaintiff, Attorney:  Todd Dion , Esq. toddsdion@msn.com<br>Defendant, Attorney:  Donald W Seeley, Jr., Esq. dseeley@hinshawlaw.com | |
| 10/11/2022 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Select Portfolio Servicing | |

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

| | | |
|---|---|---|
| 10/11/2022 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Collatral Trust Trustee Of First Key Master Funding 2021-A Collatral Trust |
| 10/11/2022 | 4 | Defendants U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Collatral Trust Trustee Of First Key Master Funding 2021-A Collatral Trust, Select Portfolio Servicing's Notice of removal (E-filed 10/6/2022) |
| 10/11/2022 | | Docket Note: Certified copies sent to Attorney Samuel C Bodurtha, Esq. on this day |
| 10/11/2022 | | Case transferred to another court. |

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

*Vuton A.* 10/11/22

Deputy Assistant Clerk

*1.0*

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**NORFOLK, ss**

---

LYNN M. MENDES AND JASON P. MENDES )
On behalf of themselves and )
all others so similarly situated, )
)
*Plaintiffs,* )
)
vs. )
)
SELECT PORTFOLIO SERVICING and )
)
U.S. BANK TRUST NATIONAL ASSOCIATION, )
NOT IN ITS INDIVIDUAL CAPACITY BUT )
SOLELY AS COLLATREAL TRUST TRUSTEE )
OF FIRST KEY MASTER FUNDING 2021-A )
COLLATRAL TRUST )
)
*Defendants* )
)

---

C.A. NO. 2282cv0804

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

### INTRODUCTION

1.     The Representative Plaintiffs, Lynn M. Mendes and Jason P. Mendes, on behalf of themselves and all others so similarly situated, bring this action as described in the paragraphs set forth herein. This class action complaint alleges that Defendants, Select Portfolio Servicing ("SPS"), as servicer for various mortgagees and properties known and unknown within the Commonwealth of Massachusetts and/or U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of First Key Master Funding 2021-A Collateral Trust ("U.S. Bank"), breached of the terms of those certain mortgages noted herein, given by Class Plaintiffs as secured by their real properties and in the case of the representative Plaintiffs, secured by real property located at 155 East Street, Foxboro, MA 02035, as well as the real properties of those Plaintiffs in the class.

2.      The Defendants breached the mortgage contracts in violation of M.G.L. c. 183 § 21 by sending purported default notices that failed to strictly comply with Paragraph 22 of the mortgage contracts. Representative Plaintiffs, on behalf of themselves and all those similarly situated, allege that all default/right to cure notices described in this Class Action Complaint that were sent by Defendant SPS on behalf on mortgagees presently known and unknown are invalid and resulted in void foreclosures for violating M.G.L. c. 183 § 21. Defendants' breaches resulted in void default notices pursuant to the terms to the mortgages (paragraph 22), void foreclosure notices, void foreclosure auctions pursuant to said mortgages, void foreclosure sales and void foreclosure deeds.

3.      The Representative Plaintiffs, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants breached the terms of the mortgages and further find said default notices are invalid and void.  In addition, said Plaintiffs ask that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.   Representative Plaintiffs asks that this Honorable Court declare that any such default notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any notices of mortgagee's foreclosure sales made to the Class Plaintiffs subsequent to such void default notices and void right to cure notices be null and void, enjoin the Defendants from conducting any foreclosure auctions or conveyance of the subject properties and declare any foreclosure deeds for said Class Plaintiffs null and void. Class Plaintiffs also seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

2

## JURISDICTION AND VENUE

4.    This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

5.    Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

6.    Pursuant to Mass. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

7.    Pursuant to Mass. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

8.    Pursuant to Mass. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the class.

9.    Pursuant to Mass. R. Civ. P. Rule 23(a)(4), the Representative Plaintiffs will fairly and adequately protect the interests of the class.

10.    Pursuant to Mass. R. Civ. P. Rule 23(b), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

11.     Pursuant to Mass. R. Civ. P. Rule 23(b), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

12.     Pursuant to Mass. R. Civ. P. Rule 23(b), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy

## PARTIES

13.     Representative Plaintiff, Lynn M. Mendes and Jason P. Mendes, is a citizen of Massachusetts and the owner of the subject property located at 155 East Street, Foxboro, MA 02035 ("Mendes Property").

14.     Defendant, Select Portfolio Servicing ("SPS"), is a residential mortgage servicing company, located at 3217 South Decker Lake Drive, Salt Lake City, UT 84119.  Class Plaintiffs hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by SPS as described in this Complaint and all resulting foreclosures initiated and conducted subsequent to such notices.

15.     Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of First Key Master Funding 2021-A Collateral Trust ("U.S. Bank"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Pettway Property.  U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

16.     At all times herein mentioned, Defendants, SPS and various mortgagees known and unknown and U.S. Bank both individually and collectively, are and were agents and/or joint

4

venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

17.     Defendants, SPS and U.S. Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE MENDES REPRESENTATIVE PLAINTIFF

18.     Representative Plaintiff, Lynn M. Mendes and Jason P. Mendes, claims to be the owner of real property located 155 East Street, Foxboro, MA 02035, which is the subject property as referenced herein.

19.     Representative Plaintiffs Mendes brings this action on behalf of themselves and all others so similarly situated.

20.     On October 30, 2009, the subject property was granted to Representative Plaintiffs Mendes. The Deed evidencing transfer of the ownership of the subject property was recorded in the Norfolk Registry of Deeds in Book 27180 at Page 27 on October 30, 2009.

21.     On October 30, 2009, Representative Plaintiffs Mendes granted a Mortgage loan, secured by the subject property, in the amount of $63,800.00, which was recorded in the Norfolk Registry of Deeds in Book 27180 at Page 48 on October 30, 2009. (the Mendes Mortgage) The Mortgage identified Bank of America, NA. as the Lender and mortgagee.

22.     The Mendes Mortgage states at paragraph 22 as follows:

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after

5

acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

23.    On December 2, 2021, Bank of America. purportedly assigned the Mendes Mortgage to FirstKey Mortgage, LLC.  Said assignment was recorded in the Norfolk County Registry of Deeds in Book 40121 at Page 497 on December 13, 2021.

24.    On December 2, 2021, FirstKey Mortgage. purportedly assigned the Mendes Mortgage to U.S. Bank.  Said assignment was recorded in the Norfolk County Registry of Deeds in Book 40121 at Page 498 on December 13, 2021

25.    On or about January 14, 2020 , Defendant, SPS, allegedly sent to Representative Plaintiff Mendes a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Mendes Mortgage.  The Notice fails to inform the Representative Plaintiffs of her "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

26.    Also on or about January 14, 2016, Defendant SPS, allegedly sent to Representative Plaintiff Mendes an "Untitled Letter" that does not include a heading.  On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and*

6

commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

27.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

28.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

29.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

30.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

31.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the

Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

32.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Mendes Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

33.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

34.    On or about August 17, 2022, the Defendants held a foreclosure auction on the Mendes Property. The foreclosure is null and void.

**CLASS ALLEGATIONS**

35.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

36.    The Representative Plaintiffs bring this Action on behalf of themselves and all others so similarly situated.

37.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners who were sent default/ right to cure letters by SPS which fail to state that the Class Plaintiffs had a "right to reinstate the mortgage after acceleration" and a "right to bring a court action".

38.     The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners who were sent separate Untitled Letters that, reasonably construed, did not contain any language that would allow a mortgagor of average intellect to understand that the "right to reinstate after acceleration" and/or "right to bring a court action" language was intended to be read as a provision" of the separate paragraph 22 default/right to cure notices.

39.     The Representative Plaintiff sue on behalf of themselves and all homeowners of former homeowners who were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration. Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time.

40.     The Representative Plaintiff, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants breached and failed to strictly comply with the terms and condition precedents of the mortgages and further find said default notices and the subsequent foreclosures are invalid and void.

41.     Representative Plaintiffs ask that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default/ right to cure notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.

42.     Representative Plaintiff, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject properties.

43.     Class Plaintiffs seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

44.     The Representative Plaintiffs and members of the class suffered quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

45.     The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

46.     The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

## COUNT I
## DECLARATORY JUDGMENT

47.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

48.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages failed to strictly comply with the mortgages because the Right to Cure Notices and separate and subsequent Untitled Letters can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice and failed to notify the Class Plaintiffs of their rights to reinstate the mortgages after acceleration and their rights to bring a court action.

49.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

50.    Defendant, SPS, sent to Class Plaintiffs form default/ right to cure Notices purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Class Mortgages as described in this Complaint.   The Notices failed to inform the Class Plaintiffs of their rights to reinstate the Mortgages after acceleration and their rights to bring a court action.

51.    The Class Plaintiffs were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to

wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time.

52.    As such, the Defendants failed to provide the Class Plaintiffs strictly compliant Notices of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

53.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

54.    The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

55.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

56.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

57.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

58.    The Class Plaintiffs are entitled to quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

59.    The Class Plaintiffs are entitled to general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

60.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
### MORTGAGE POWER OF SALE

61.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

62.    Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage**

13

**and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale,** and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

(Emphasis added).

63.    As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage..." G.L. c. 183, § 21.

64.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

65.    The mortgages given by Class Plaintiffs, secured by the subject properties state at 22 as follows:

22.  Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

66.    Defendant, SPS, sent to Class Plaintiffs form default/ right to cure Notices purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Class Mortgages as described in this Complaint.   The Notices failed to inform the Class Plaintiffs of their rights to reinstate the Mortgages after acceleration and their rights to bring a court action.

67.    The Class Plaintiffs were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.   Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time

68.    Defendant SPS, sent to Class Plaintiffs an "Untitled Letter" that does not include a heading. The "right to bring a court action" language appears on page 3 of the letter.

69.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

70.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure

15

notice". See <u>Towd Point Mortgage Trust et. al. v. Cruz</u>, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

71.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice. See <u>Towd Point Mortgage Trust et. al. v. Cruz</u>, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

72.    Representative Plaintiffs on behalf of the Class Plaintiffs allege that the purported Default/ Right to Cure Notice and separately Untitled Letters sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgages and in violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notices in accordance with Paragraph 22 of the Mortgages as a condition precedent to foreclosure.

73.    Representative Plaintiffs allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

74.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

75.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with Paragraph 22 of the Mortgages failed to strictly comply with the mortgages because the Right to Cure Notices and separate and subsequent

Untitled Letters can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice and contain additional language suggesting that the right to reinstate after acceleration is contingent on the commencement of foreclosure proceedings. Such language is inaccurate and potentially deceptive.

76.     Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with Paragraph 22 of the Mortgages were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

77.     As such, the Defendants failed to provide the Class Plaintiffs strictly compliant Notices of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

78.     Representative Plaintiffs, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

79.     The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

80.     The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

81.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

82.     The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

83.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

84.     The Defendants' failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosures are therefore void. <u>U.S. Bank Nat. Ass'n v. Ibanez</u>, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to").

85.     The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

86.     The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

87.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

88.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

89.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: August 31, 2022

Respectfully Submitted, Plaintiffs,
By Their Attorney,
Todd S. Dion, Esq.

  /s/ Todd S. Dion
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com

## **VERIFICATION OF COMPLAINT**

We, Lynn M. Mendes and Jason P. Mendes, Plaintiffs in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing amended complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on August 30, 2022.

Date:   August 30, 2022                    Respectfully submitted,

_Lynn Mendes_
Lynn M. Mendes

_Jason Mendes_
Jason P. Mendes

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
_Victoria_          10/14/22
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2282CV00804 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY  Norfolk Superior Court (Dedham) |

| Plaintiff          Lynn M. Mendes and Jason P. Mendes | Defendant:          Select Portfolio Servicing, U.S. Bank NA |
|---|---|
| ADDRESS:          155 East Street, Foxboro, MA 02035 | ADDRESS:          3217 South Decker Lake Drive, Salt Lake City, UT 84119 |
| | 425 Walnut Street, Cincinnati, OH 45202 |
| | |
| Plaintiff Attorney:          Todd S. Dion, Esq. | Defendant Attorney: |
| ADDRESS:          15 Cottage Avenue, Ste. 202, Quincy, MA 02169 | ADDRESS: |
| | |
| | |
| BBO:          659109 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| C99 | Wrongful Foreclosure | | ☒ YES     ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?               Is there a class action under Mass. R. Civ. P. 23?
☐ YES     ☒ NO                                    ☒ YES     ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

                                                 Subtotal (1-5):     $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

                                                 TOTAL (A-F):     $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of default provision of mortgage; power of sale | $1,000,000.00 |
| | Total | $1,000,000.00 |

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Todd S Dion | Date:          August 31, 2022 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Todd S Dion | Date:          August 31, 2022 |
|---|---|

SC0001: 1/22/2021                     www.mass.gov/courts                     Date/Time Printed:08-31-2022 10:31:05

Date Filed 9/26/2022 3:59 PM
Superior Court - Norfolk
Docket Number 2282CV00804

Docketed 9/28/2022

3.0

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT
                                                C.A. No. 2282CV00804

LYNN M. MENDES AND JASON P. MENDES,
On behalf of themselves and all others so similarly
situated,

       Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, and

U.S. BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS COLLATERAL TRUST TRUSTEE
OF FIRST KEY MASTER FUNDING 2021-A
COLLATERAL TRUST

       Defendants.

*September 29, 2022
Motion allowed. Defendants are
granted through October 26, 2022
in which to respond to plaintiffs'
complaint. (Leighton, J.)
Att. Money J. Delaney
Asst. Clerk*

## DEFENDANTS' ASSENTED-TO MOTION TO ENLARGE THE TIME TO RESPOND TO THE CLASS ACTION COMPLAINT

Defendants, Select Portfolio Servicing, Inc. and U.S. Bank Trust National Association, not in its individual capacity but solely as Collateral Trust Trustee of First Key Master Funding 2021-A Collateral Trust (together, "Defendants"), with the assent of Plaintiffs, Lynn M. Mendes and Jason P. Mendes (together, "Plaintiffs") (collectively, the "Parties"), hereby respectfully request that this Honorable Court enlarge the deadline for Defendants to respond to the Class Action Complaint (the "Complaint") to October 26, 2022. In support of this motion, Defendants state the following:

1.      On or about August 31, 2022, Plaintiffs commenced this litigation by filing a Class Action Complaint with this Honorable Court.

Date Filed 9/26/2022 3:59 PM
Superior Court - Norfolk
Docket Number 2282CV00804

2.      Through the Complaint, Plaintiffs plead counts for (i) declaratory judgment, and (ii) mortgage power of sale, arising from pre-foreclosure notices of default sent by SPS to Plaintiffs.

3.      The current response deadline is September 26, 2022.

4.      Defendants are currently analyzing the claims raised by Plaintiffs in the Complaint, and the parties are engaged in preliminary discussions to resolve the litigation.

5.      The instant request to enlarge time constitutes Defendants' first request in this matter, and Defendants do not anticipate requiring any additional time beyond October 26, 2022 to respond to the Complaint.

6.      No party to this matter will be prejudiced by enlarging the deadline for Defendants to respond to the Complaint. Indeed, allowing Defendants to further analyze the claims in the Complaint, and allowing the parties to engage in additional settlement discussions, will likely further judicial economy.

7.      Lastly, counsel for Defendants, in compliance with Rule 9C of the Superior Court Rules, discussed this matter with Plaintiffs' counsel, wherein the Parties agreed to the enlargement.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court grant this motion and enlarge the deadline for Defendants to respond to the Class Action Complaint to October 26, 2022.

[The remainder of this page is intentionally left blank.]

1054632\311644817.v1

Date Filed 9/26/2022 3:59 PM
Superior Court - Norfolk
Docket Number 2282CV00804

SELECT PORTFOLIO SERVICING, and
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS
COLLATERAL TRUST TRUSTEE OF
FIRST KEY MASTER FUNDING 2021-A
COLLATERAL TRUST,
By: Their Attorneys

*/s/ Donald W. Seeley Jr.*
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley Jr., BBO #663568
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
sbodurtha@hinshawlaw.com
dseeley@hinshawlaw.com

Dated:        September 26, 2022

## CERTIFICATE OF SERVICE

I, Donald W. Seeley Jr., hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Donald W. Seeley Jr.*
Samuel C. Bodurtha

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
_____  10/11/22
Deputy Assistant Clerk

1054632\311644817.v1

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

docketed 10/11/2022

4

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT
                                                      C.A. No. 2282CV00804

| |
|---|
| LYNN M. MENDES AND JASON P. MENDES,<br>On behalf of themselves and all others so similarly<br>situated,<br><br>      Plaintiffs,<br>v.<br>SELECT PORTFOLIO SERVICING, and<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION,<br>NOT IN ITS INDIVIDUAL CAPACITY BUT<br>SOLELY AS COLLATERAL TRUST TRUSTEE<br>OF FIRST KEY MASTER FUNDING 2021-A<br>COLLATERAL TRUST<br><br>      Defendants. |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**TO:    The Honorable Justices of the Superior Court of the Commonwealth of
Massachusetts for Norfolk County and all Parties:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Select Portfolio Servicing,

Inc. ("SPS") and U.S. Bank Trust National Association, not in its individual capacity but solely as

Collateral Trust Trustee of First Key Master Funding 2021-A Collateral Trust ("Trust") in the

above-entitled action provides notice that on October 6, 2022, it filed a Notice of Removal of this

action in the United States District Court for the District of Massachusetts. A true copy of the as-

filed Notice of Removal is attached hereto as **Exhibit 1**.

The state court shall proceed no further.

SELECT PORTFOLIO SERVICING, and
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS
COLLATERAL TRUST TRUSTEE OF FIRST
KEY MASTER FUNDING 2021-A
COLLATERAL TRUST,

By: Their Attorneys


/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley Jr., BBO #663568
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
sbodurtha@hinshawlaw.com
dseeley@hinshawlaw.com

Dated:        October 6, 2022


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 6th day of October, 2022, I served a true and accurate copy of the foregoing document to the following by first class mail and email as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169


/s/ Samuel C. Bodurtha
Samuel C. Bodurtha

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
_Vuturn_ _____ 10/14/22
Deputy Assistant Clerk

1054632\311731007.v1

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LYNN M. MENDES and JASON P. MENDES,
on behalf of themselves and all others so
similarly situated,

        Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC. and
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS COLLATERAL
TRUST TRUSTEE OF FIRST KEY MASTER
FUNDING 2021-A COLLATERAL TRUST,

        Defendants.

CIVIL ACTION NO.: 1:22-cv-11704

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Select Portfolio Servicing, Inc. ("SPS")

and U.S. Bank Trust National Association, not in its individual capacity but solely as Collateral

Trust Trustee of First Key Master Funding 2021-A Collateral Trust (the "Trust") (together,

"Defendants") hereby remove the above-captioned action from Massachusetts Superior Court,

Norfolk County, to this Court based on the following supported grounds:

## I.    PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.      On or about August 31, 2022, Plaintiffs, Lynn M. Mendes and Jason P. Mendes

(together, "Plaintiffs") filed an action via a Complaint (the "Complaint") in Massachusetts

Superior Court, Norfolk County, captioned *Lynn M. Mendes and Jason P. Mendes, on behalf of*

*themselves and all others so similarly situated v. Select Portfolio Servicing, Inc. and U.S. Bank*

*Trust National Association, not in its individual capacity but solely as Collateral Trust Trustee of*

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1    Filed 10/06/22    Page 2 of 5

*First Key Master Funding 2021-A Collateral Trust*, bearing Civil Action No. 2282CV00804. (A copy of the Complaint is attached hereto as <u>Exhibit A</u>.)

2.      A copy of the Complaint was served on Select Portfolio Servicing, Inc. on September 6, 2022.

3.      The Complaint arises from Plaintiffs' mortgage encumbering real property known as 155 East Street, Foxboro, Massachusetts (the "Property").

4.      The Complaint sets forth a putative class action where Plaintiffs challenge the Trust's right to foreclose based on the claim that a pre-foreclosure notice sent by SPS failed to strictly comply with the requirements of the subject mortgage and Massachusetts law. Specifically, the Complaint seeks a Declaratory Judgment that the pre-foreclosure notices and any subsequent foreclosure is null and void (Count I), and alleges violations of the Power of Sale in the subject mortgage (Count II). (*See generally*, Ex. A.)

## II.      <u>THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION</u>

5.      The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

### A.      <u>Diversity of Citizenship</u>

6.      First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a) between the parties. Plaintiffs are citizens of Massachusetts. (*See* Ex. A, ¶ 13.)

7.      SPS is a corporation organized under the laws of the state of Utah, with its principal place of business in Utah. (*See* Ex. A, ¶ 14.) Therefore, under 28 U.S.C. § 1332 (c)(1), SPS is a citizen of Utah for purposes of diversity jurisdiction.

1054632\311707134.v1

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1    Filed 10/06/22    Page 3 of 5

8.      The Trust is a national banking organization with its main office as designated in its Articles of Association in Minneapolis, Minnesota. The Trust is, therefore, a citizen of Minnesota for purposes of determining diversity jurisdiction. *See* 28 U.S.C. §§ 1332 (c) & 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

9.      Accordingly, complete diversity of citizenship is established as between Plaintiffs (citizens of Massachusetts), SPS (a citizen of Utah) and the Trust (a citizen of Minnesota).

## B.    **Amount in Controversy**

10.     Second, the amount in controversy exceeds $75,000.00. Plaintiffs demanded $1,000,000.00 in their Civil Action Cover Sheet. (*See* Ex. A, Civil Action Cover Sheet.) Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Moreover, Plaintiffs have placed the right to title to the Property at issue. (*See* Ex. A, ¶¶ 1-3.) Where the right to enforce a mortgage loan is at issue, the amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed. 2d 282 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage). Here, the Property value at foreclosure was approximately $510,000.00. The loan payoff at foreclosure was approximately $77,475.36. Thus, the amount in controversy exceeds $75,000.00.

1054632\311707134.v1

11.     Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## III.    THE TRUST HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

12.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since Defendants were served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

13.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiffs and will be filed with the appropriate clerk, following filing of this Notice of Removal.

14.     Within 28 days of filing this Notice of Removal, Defendants shall file with this Court certified copies of the docket sheet and all document filed in the state court action, pursuant to L.R. 81.1(a).

15.     Defendants reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

1054632\311707134.v1

Case 1:22-cv-11704-PGL    Document 1    Filed 10/06/22    Page 5 of 5

SELECT PORTFOLIO SERVICING, and
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS
COLLATERAL TRUST TRUSTEE OF FIRST
KEY MASTER FUNDING 2021-A
COLLATERAL TRUST

By: Its Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley Jr., BBO # 663568
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
sbodurtha@hinshawlaw.com
dseeley@hinshawlaw.com

Dated:        October 6, 2022

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 6th day of October 2022, I served a true
and accurate copy of the foregoing document to the following by first class mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue
Suite 202
Quincy, MA 02169

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

1054632\311707134.v1

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

# EXHIBIT A

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 2 of 22                *1.0*

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**NORFOLK, ss**

| | |
|---|---|
| LYNN M. MENDES AND JASON P. MENDES )<br>On behalf of themselves and )<br>all others so similarly situated, )<br> )<br>*Plaintiffs,* )<br> )<br>vs. )<br> )<br>SELECT PORTFOLIO SERVICING and )<br> )<br>U.S. BANK TRUST NATIONAL ASSOCIATION, )<br>NOT IN ITS INDIVIDUAL CAPACITY BUT )<br>SOLELY AS COLLATREAL TRUST TRUSTEE )<br>OF FIRST KEY MASTER FUNDING 2021-A )<br>COLLATRAL TRUST )<br> )<br>*Defendants* )<br> ) | C.A. NO. 2282cv0804<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.     The Representative Plaintiffs, Lynn M. Mendes and Jason P. Mendes, on behalf of themselves and all others so similarly situated, bring this action as described in the paragraphs set forth herein. This class action complaint alleges that Defendants, Select Portfolio Servicing ("SPS"), as servicer for various mortgagees and properties known and unknown within the Commonwealth of Massachusetts and/or U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of First Key Master Funding 2021-A Collateral Trust ("U.S. Bank"), breached of the terms of those certain mortgages noted herein, given by Class Plaintiffs as secured by their real properties and in the case of the representative Plaintiffs, secured by real property located at 155 East Street, Foxboro, MA 02035, as well as the real properties of those Plaintiffs in the class.

Case 1:22-cv-11704-PGL   Document 1-1   Filed 10/06/22   Page 3 of 22

2.      The Defendants breached the mortgage contracts in violation of M.G.L. c. 183 § 21 by

sending purported default notices that failed to strictly comply with Paragraph 22 of the mortgage

contracts.  Representative Plaintiffs, on behalf of themselves and all those similarly situated, allege

that all default/right to cure notices described in this Class Action Complaint that were sent by

Defendant SPS on behalf on mortgagees presently known and unknown are invalid and resulted

in void foreclosures for violating M.G.L. c. 183 § 21.  Defendants' breaches resulted in void default

notices pursuant to the terms to the mortgages (paragraph 22), void foreclosure notices, void

foreclosure auctions pursuant to said mortgages, void foreclosure sales and void foreclosure deeds.

3.      The Representative Plaintiffs, on behalf of themselves and all others so similarly situated,

pray that this Honorable Court find that the Defendants breached the terms of the mortgages and

further find said default notices are invalid and void.  In addition, said Plaintiffs ask that this Court

find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted

subsequent to the invalid default notices be declared null and void regardless of whether or not

said invalid foreclosure deeds were recorded.   Representative Plaintiffs asks that this Honorable

Court declare that any such default notices sent to the Class Plaintiffs as described in this complaint

be null and void, declare that any notices of mortgagee's foreclosure sales made to the Class

Plaintiffs subsequent to such void default notices and void right to cure notices be null and void,

enjoin the Defendants from conducting any foreclosure auctions or conveyance of the subject

properties and declare any foreclosure deeds for said Class Plaintiffs null and void.  Class Plaintiffs

also seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages,

restitution, an accounting, attorney's fees and costs, and all other relief provided by law for

Defendants' wrongful acts.

2

Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 4 of 22

## JURISDICTION AND VENUE

4.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

5.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

6.      Pursuant to Mass. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

7.      Pursuant to Mass. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

8.      Pursuant to Mass. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the class.

9.      Pursuant to Mass. R. Civ. P. Rule 23(a)(4), the Representative Plaintiffs will fairly and adequately protect the interests of the class.

10.     Pursuant to Mass. R. Civ. P. Rule 23(b), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

11.     Pursuant to Mass. R. Civ. P. Rule 23(b), the party opposing the class has acted or refused

to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole.

12.     Pursuant to Mass. R. Civ. P. Rule 23(b), the questions of law or fact common to class

members predominate over any questions affecting only individual members, and a class action is

superior to other available methods for fairly and efficiently adjudicating the controversy

## **PARTIES**

13.     Representative Plaintiff, Lynn M. Mendes and Jason P. Mendes, is a citizen of

Massachusetts and the owner of the subject property located at 155 East Street, Foxboro, MA

02035 ("Mendes Property").

14.     Defendant, Select Portfolio Servicing ("SPS"), is a residential mortgage servicing

company, located at 3217 South Decker Lake Drive, Salt Lake City, UT 84119.  Class Plaintiffs

hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right

to cure notices sent by SPS as described in this Complaint and all resulting foreclosures initiated

and conducted subsequent to such notices.

15.     Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely

as collateral trust trustee of First Key Master Funding 2021-A Collateral Trust ("U.S. Bank"), is a

purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Pettway

Property.  U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

16.     At all times herein mentioned, Defendants, SPS and various mortgagees known and

unknown and U.S. Bank both individually and collectively, are and were agents and/or joint

4

venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

17.    Defendants, SPS and U.S. Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## **ALLEGATIONS OF THE MENDES REPRESENTATIVE PLAINTIFF**

18.    Representative Plaintiff, Lynn M. Mendes and Jason P. Mendes, claims to be the owner of real property located 155 East Street, Foxboro, MA 02035, which is the subject property as referenced herein.

19.    Representative Plaintiffs Mendes brings this action on behalf of themselves and all others so similarly situated.

20.    On October 30, 2009, the subject property was granted to Representative Plaintiffs Mendes. The Deed evidencing transfer of the ownership of the subject property was recorded in the Norfolk Registry of Deeds in Book 27180 at Page 27 on October 30, 2009.

21.    On October 30, 2009, Representative Plaintiffs Mendes granted a Mortgage loan, secured by the subject property, in the amount of $63,800.00, which was recorded in the Norfolk Registry of Deeds in Book 27180 at Page 48 on October 30, 2009. (the Mendes Mortgage) The Mortgage identified Bank of America, NA. as the Lender and mortgagee.

22.    The Mendes Mortgage states at paragraph 22 as follows:

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after

Case 1:22-cv-11704-PGL    Document 5    Filed 10/24/22    Page 44 of 61
Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 7 of 22

acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

23.     On December 2, 2021, Bank of America. purportedly assigned the Mendes Mortgage to FirstKey Mortgage, LLC. Said assignment was recorded in the Norfolk County Registry of Deeds in Book 40121 at Page 497 on December 13, 2021.

24.     On December 2, 2021, FirstKey Mortgage. purportedly assigned the Mendes Mortgage to U.S. Bank. Said assignment was recorded in the Norfolk County Registry of Deeds in Book 40121 at Page 498 on December 13, 2021

25.     On or about January 14, 2020 , Defendant, SPS, allegedly sent to Representative Plaintiff Mendes a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Mendes Mortgage. The Notice fails to inform the Representative Plaintiffs of her "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

26.     Also on or about January 14, 2016, Defendant SPS, allegedly sent to Representative Plaintiff Mendes an "Untitled Letter" that does not include a heading. On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and*

6

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 8 of 22

commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

27.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

28.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

29.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

30.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

31.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the

Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

32.     Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Mendes Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

33.     As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

34.     On or about August 17, 2022, the Defendants held a foreclosure auction on the Mendes Property. The foreclosure is null and void.

## CLASS ALLEGATIONS

35.     The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

36.     The Representative Plaintiffs bring this Action on behalf of themselves and all others so similarly situated.

37.     The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners who were sent default/ right to cure letters by SPS which fail to state that the Class Plaintiffs had a "right to reinstate the mortgage after acceleration" and a "right to bring a court action".

38.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners who were sent separate Untitled Letters that, reasonably construed, did not contain any language that would allow a mortgagor of average intellect to understand that the "right to reinstate after acceleration" and/or "right to bring a court action" language was intended to be read as a provision" of the separate paragraph 22 default/right to cure notices.

39.    The Representative Plaintiff sue on behalf of themselves and all homeowners of former homeowners who were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time.

40.    The Representative Plaintiff, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants breached and failed to strictly comply with the terms and condition precedents of the mortgages and further find said default notices and the subsequent foreclosures are invalid and void.

41.    Representative Plaintiffs ask that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default/ right to cure notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.

9

42.     Representative Plaintiff, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject properties.

43.     Class Plaintiffs seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

44.     The Representative Plaintiffs and members of the class suffered quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

45.     The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

46.     The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

Case 1:22-cv-11704-PGL    Document 5    Filed 10/24/22    Page 49 of 61

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 12 of 22

## COUNT I
## DECLARATORY JUDGMENT

47.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

48.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages failed to strictly comply with the mortgages because the Right to Cure Notices and separate and subsequent Untitled Letters can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice and failed to notify the Class Plaintiffs of their rights to reinstate the mortgages after acceleration and their rights to bring a court action.

49.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

50.    Defendant, SPS, sent to Class Plaintiffs form default/ right to cure Notices purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Class Mortgages as described in this Complaint.  The Notices failed to inform the Class Plaintiffs of their rights to reinstate the Mortgages after acceleration and their rights to bring a court action.

51.    The Class Plaintiffs were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to

11

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time.

52.    As such, the Defendants failed to provide the Class Plaintiffs strictly compliant Notices of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

53.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

54.    The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

55.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

56.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

Case 1:22-cv-11704-PGL     Document 5     Filed 10/24/22     Page 51 of 61
Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL     Document 1-1     Filed 10/06/22     Page 14 of 22

57.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

58.    The Class Plaintiffs are entitled to quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

59.    The Class Plaintiffs are entitled to general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

60.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## MORTGAGE POWER OF SALE

61.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

62.    Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage**

13

**and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

(Emphasis added).

63.    As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage..." G.L. c. 183, § 21.

64.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. <u>U.S. Bank Nat'l Ass'n v. Schumacher</u>, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

65.    The mortgages given by Class Plaintiffs, secured by the subject properties state at 22 as follows:

22.  Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

Case 1:22-cv-11704-PGL    Document 5    Filed 10/24/22    Page 53 of 61
Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804 Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 16 of 22

this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

66.    Defendant, SPS, sent to Class Plaintiffs form default/ right to cure Notices purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Class Mortgages as described in this Complaint.   The Notices failed to inform the Class Plaintiffs of their rights to reinstate the Mortgages after acceleration and their rights to bring a court action.

67.    The Class Plaintiffs were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.   Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time

68.    Defendant SPS, sent to Class Plaintiffs an "Untitled Letter" that does not include a heading. The "right to bring a court action" language appears on page 3 of the letter.

69.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

70.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure

Case 1:22-cv-11704-PGL    Document 5    Filed 10/24/22    Page 54 of 61

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk      Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 17 of 22
Docket Number 2282CV00804

notice". See <u>Towd Point Mortgage Trust et. al. v. Cruz</u>, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

71.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice. See <u>Towd Point Mortgage Trust et. al. v. Cruz</u>, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

72.    Representative Plaintiffs on behalf of the Class Plaintiffs allege that the purported Default/Right to Cure Notice and separately Untitled Letters sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgages and in violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notices in accordance with Paragraph 22 of the Mortgages as a condition precedent to foreclosure.

73.    Representative Plaintiffs allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

74.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

75.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with Paragraph 22 of the Mortgages failed to strictly comply with the mortgages because the Right to Cure Notices and separate and subsequent

Untitled Letters can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice and contain additional language suggesting that the right to reinstate after acceleration is contingent on the commencement of foreclosure proceedings. Such language is inaccurate and potentially deceptive.

76.     Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with Paragraph 22 of the Mortgages were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

77.     As such, the Defendants failed to provide the Class Plaintiffs strictly compliant Notices of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

78.     Representative Plaintiffs, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

79.     The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

80.     The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

81.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

82.     The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

83.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

84.     The Defendants' failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosures are therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to").

85.     The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

86.     The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

87.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

88.     The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the

wrongful foreclosures and sales.

89.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages,

restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided

by state law.

Dated: August 31, 2022

>                     Respectfully Submitted, Plaintiffs,
>                     By Their Attorney,
>                     Todd S. Dion, Esq.
>
>                      /s/ Todd S. Dion
>                     Todd S. Dion, Esq. (659109)
>                     15 Cottage Avenue, Ste 202
>                     Quincy, MA 02169
>                     401-965-4131 Cell
>                     401-270-2202 Fax
>                     toddsdion@msn.com

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

## <u>VERIFICATION OF COMPLAINT</u>

We, Lynn M. Mendes and Jason P. Mendes, Plaintiffs in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing amended complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on August 30, 2022.

Date:   August 30, 2022                      Respectfully submitted,

Lynn M. Mendes

Jason P. Mendes

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

Case 1:22-cv-11704-PGL    Document 1-1    Filed 10/06/22    Page 22 of 22

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2282CV00804 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff Lynn M. Mendes and Jason P. Mendes | Defendant Select Portfolio Servicing, U.S. Bank NA |
|---|---|
| ADDRESS: 155 East Street, Foxboro, MA 02035 | ADDRESS: 3217 South Decker Lake Drive, Salt Lake City, UT 84119 |
| | 425 Walnut Street, Cincinnati, OH 45202 |
| | |
| Plaintiff Attorney: Todd S. Dion, Esq. | Defendant Attorney: |
| ADDRESS: 15 Cottage Avenue, Ste. 202, Quincy, MA 02169 | ADDRESS: |
| | |
| BBO: 659109 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. C99 | TYPE OF ACTION (specify) Wrongful Foreclosure | TRACK | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO          Is there a class action under Mass. R. Civ. P. 23? ☒ YES ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages.
For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

                                              Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

                                              TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of default provision of mortgage; power of sale | $1,000,000.00 |
| | Total | $1,000,000.00 |

| Signature of Attorney/Unrepresented Plaintiff: X /s/ Todd S Dion | Date: August 31, 2022 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X /s/ Todd S Dion | Date: August 31, 2022 |
|---|---|

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

Case 1:22-cv-11704-PGL   Document 1-2   Filed 10/06/22   Page 1 of 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lynn M. Mendes and Jason P. Mendes

**DEFENDANTS**

Select Portfolio Servicing, Inc. and U.S. Bank Trust National Association, not in its individual capacity but solely as

**(b)** County of Residence of First Listed Plaintiff   Norfolk County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hamilton County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Todd S. Dion, Esq.
15 Cottage Ave., Suite 202, Quincy, MA 02169
(401) 965-4131

Attorneys *(If Known)*
Samuel C. Bodurtha, Esq. and Donald W. Seeley, Jr., Esq.
Hinshaw & Culbertson LLP, 53 State St., 27th FL, Boston,
MA 02109 (617) 213-7000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | **PERSONAL INJURY** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 441 Voting | ☐ 463 Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| **PERSONAL PROPERTY** | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 370 Other Fraud | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| ☐ 371 Truth in Lending | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| ☐ 380 Other Personal Property Damage | | ☐ 550 Civil Rights | | |
| ☐ 385 Property Damage Product Liability | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441 and 1446
Brief description of cause:
Plaintiffs allege wrongful foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
October 6, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Samuel C. Bodurtha

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Date Filed 10/6/2022 1:43 PM
Superior Court - Norfolk
Docket Number 2282CV00804

Case 1:22-cv-11704-PGL    Document 5    Filed 10/24/22    Page 61 of 61
Case 1:22-cv-11704-PGL    Document 1-3    Filed 10/06/22    Page 1 of 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** Lynn M. Mendes and Jason P. Mendes v. Select Portfolio Servicing, Inc., and U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of First Key Master Funding

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   [ ] I. 160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II. 110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [✓] III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**   YES [ ] NO [✓]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**   YES [ ] NO [✓]

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**   YES [ ] NO [ ]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**   YES [ ] NO [✓]

7. **Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**   YES [ ] NO [ ]

   A. **If yes, in which division do all of the non-governmental parties reside?**
   Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**
   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**   YES [ ] NO [✓]

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Samuel C. Bodurtha
**ADDRESS** Hinshaw & Culbertson LLP, 53 State Street, 27th Floor, Boston, MA 02109
**TELEPHONE NO.** (617) 213-7039

(CategoryForm1-2019.wpd )